UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THEODORE G. JENKINS, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:15-cv-61-PPS |
| PATRICK R. DONAHOE, *et al.*, | ) ) | |
| Defendants. | ) | |

## OPINION and ORDER

Theodore Jenkins, a *pro se* plaintiff, has filed a form complaint alleging he was discriminated against [DE 1] along with a Motion for Leave to Proceed *In Forma Pauperis* [DE 3]. As explained below Jenkins's complaint does not state a cognizable claim upon which relief could be granted. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Jenkins's Motion will be denied and his complaint will be dismissed.

## BACKGROUND

Jenkins has filed a complaint alleging the Postmaster General and six defendants violated his civil rights. This much is clear. Jenkins, a 58-year-old African-American man, alleges he was discriminated against on account of his race, sex, and age and has brought claims pursuant to Title VII of the Civil Rights Act of 1964, The Age Discrimination in Employment Act, and 42 U.S.C. § 1981.

Beyond that, Jenkins's complaint is confusing. The sole factual-seeming allegation is as follows:

1

> "The USPS managerial overt discriminatory practices acknowledges and confirms the USPS agency arbitrary and capricious anoesis (a known federal decision) that incurred proof-texting and plausible denied culpability impacting humanity and the known plaintiff."

[DE 1 at 3].

The remainder of the complaint's "facts" section contains citations to federal statutes and regulations, as well as a list of EEOC cases where "the USPS/EEO Agency proactive discriminatory dilemma are acknowledge[d] and denied remedy. *Id.*

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $400 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

With respect to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a

2

claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Jenkins has not pled *any* factual content that I can discern. The complaint alleges that the Postal Service engaged in "arbitrary and capricious anoeis" that "incurred proof-texting" [DE 1 at 3]. I do not know what that statement means on a semantic level, and so certainly cannot reasonably infer from it that the Defendants discriminated against Jenkins. Since Jenkins has not plausibly alleged a discrimination claim, his complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Jenkins's Motion for Leave to Proceed *In Forma Pauperis* [DE 3] is **DENIED**, and his Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

Entered: March 4, 2015.          s/ Philip P. Simon
                                 PHILIP P. SIMON, CHIEF JUDGE